IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| SHERYL SIMPSON, | * | |
| Plaintiff, | * | |
| v. | * | CASE NO. 3:15-cv-00089-CDL-MSH |
| CAROLYN W COLVIN, | * | Social Security Appeal |
| | * | |
| Defendant. | * | |

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Plaintiff's application for disabled widow's benefits, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards

were applied.  *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).  Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1]  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  It must, however, decide if the Commissioner applied the proper standards in reaching a decision.  *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam).  The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings.  *Bloodsworth*, 703 F.2d at 1239.  However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it.  *Id.*  The initial burden of establishing disability is on the plaintiff.  *Kirkland v. Weinberger*, 480 F.2d 46, 48 (5th Cir. 1973) (per curiam).  The plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic.  *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).

A disabled widow or widower of a person who died fully insured can be entitled to disabled widow's benefits if they meet certain criteria.  20 C.F.R. § 404.335.  Under 20 C.F.R. § 404.335(c), an individual claiming entitlement to disabled widow's benefits

---

[1] Credibility determinations are left to the Commissioner and not to the courts.  *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991).  It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence.  *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

must be at least 50 years old and have a disability as defined in  20 C.F.R. § 404.1505. The individual must also meet all of the requirements of 20 C.F.R. § 404.335(c)(1)-(4), including *inter alia*,  being found disabled within seven years of the date of his or her spouse's death or seven years after he or she last drew mother's or father's benefits, whichever occurred last.

Pursuant to the Act, the Commissioner employs a five-step process to determine whether a person is disabled.  20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert,* 482 U.S. 137, 140 (1987).  The first step determines if the plaintiff is engaged in "substantial gainful activity."  *Yuckert,* 482 U.S. at 140.  If the plaintiff is engaged in substantial gainful activity, then benefits are immediately denied. *Id.*  If the plaintiff is not engaged in such activity, then the second inquiry asks whether the plaintiff has a medically severe impairment or combination of impairments. *Id.* at 140–41.  If the plaintiff's impairment or combination of impairments is not "severe," then disability benefits are denied.  *Id.* at 141.  If the plaintiff's impairment or combination of impairments is severe, then the evaluation proceeds to step three.  The third step requires determination of whether the plaintiff's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404, subpt. P. App. 1; *Yuckert,* 482 U.S. at 141.  If the impairment meets or equals one of the listed impairments, then the plaintiff is presumed disabled.  *Yuckert,* 482 U.S. at 141.  If the impairment does not meet or equal one of the listed impairments, then the sequential evaluation proceeds to the fourth step to determine if the impairment precludes

the plaintiff from performing her past relevant work. *Id.* If the plaintiff is unable to perform her past relevant work, then the final step of the evaluation process determines whether she is able to perform other work in the national economy, considering her age, education, and work experience. *Id.* at 142. Disability benefits will be awarded only if the plaintiff is unable to perform other work. *Id.*

### Administrative Proceedings

Plaintiff Sheryl Simpson applied for disabled widow's benefits on March 29, 2011 alleging that she has been disabled to work since May 2, 1992. Her claim was denied initially on November 2, 2011 and denied on reconsideration on April 12, 2012. She then filed a written request for an evidentiary hearing before an administrative law judge (ALJ) on May 26, 2012. The ALJ hearing conducted the hearing on January 24, 2014 with Plaintiff represented by an attorney. Plaintiff testified and submitted additional medical evidence. A vocational expert (VE) also testified. The ALJ issued an unfavorable decision on February 4, 2014 finding that Plaintiff is not disabled. She requested review by the Appeals Council on April 4, 2014 but was denied on July 14, 2014. Tr. 7-25; 1-6. Having exhausted the administrative remedies available to her under the Social Security Act, Plaintiff brings this action seeking judicial review of the decision by the Commissioner to deny her claim for benefits.

### ISSUES

I.    Whether the ALJ sufficiently developed and considered the medical record for the twelve month period preceding Plaintiff's filing date.

**Statement of Facts and Evidence**

After consideration of the written evidence and the hearing testimony in this case, the ALJ found that the Plaintiff has not engaged in substantial gainful activity since May 2, 1992, the alleged onset date. Tr. 13. The ALJ found that the Plaintiff has rheumatoid arthritis and affective/mood disorder. *Id.* The ALJ then determined that Plaintiff's impairments did not meet or medically equal, either individually or any combination, the severity of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*

The ALJ next found that Plaintiff had the residual functional capacity (RFC) to perform light work with the following restrictions: no more than frequent pushing or pulling with the upper extremities; no more than frequent climbing of ramps and stairs, as well as balancing, stooping, or crouching; no more than occasional kneeling or crawling; no climbing of ladders, ropes, and scaffolds; avoid concentrated exposure to extreme cold, vibration, and hazards; no more than frequent fine or gross manipulation with the hands or upper extremities; unable to tolerate fast-paced environments; only simple changes that are gradually introduced; and only casual, superficial social interaction with co-workers, supervisors, and the general public. *Id.* at 15. The ALJ determined that Plaintiff has no past relevant work experience and that Plaintiff was 31 years old at the time of the alleged disability onset date, which is considered to be a younger individual. *Id.* at 20. Since then, Plaintiff has changed age categories to that of "closely approaching advanced age." *Id.* The ALJ further found that Plaintiff has at least a high school education and can communicate in English. *Id.* After consulting the Medical-Vocational Rules (GRIDS) and utilizing the testimony of the VE, the ALJ determined that Plaintiff

was not disabled within the meaning of the Regulations and that there were jobs available which existed in significant numbers that Plaintiff could perform.  *Id.* at 20-21.

## DISCUSSION

Plaintiff first asserts that the ALJ erred by his failure to complete the medical record as required under 20 C.F.R. § 404.1512(d).  Next, she claims the ALJ should have recontacted her physicians for additional medical evidence as specified in Social Security Ruling 96-5P.  Finally, she contends that the ALJ did not give sufficient weight to the opinion of her treating physician and did not explain his reasons for discounting the doctor's findings and conclusions.  The Commissioner responds that Plaintiff failed to prove that she is disabled to work and that the ALJ completed the record before his ruling and was under no obligation to recontact any of Plaintiff's doctors.  She also states that the ALJ properly weighed all opinions and medical evidence of record and discussed why he did so.  Although the Commissioner does not concede any error occurred, she argues that any error in the adequacy of the record as developed by the ALJ was invited by Plaintiff's counsel when he stated to the ALJ at the hearing that the record was complete.  The Commissioner also contends that Plaintiff has not established that she was prejudiced by the missing records.  She argues that the evidence attached to Plaintiff's brief would not have changed the outcome of the administrative proceedings.  The Court addresses Plaintiff's arguments in the order in which she has raised them.

Although raised as three distinct issues, Plaintiff in her reply brief is correct in her assertion that "[a]ll of the issues presented in this case generally turn on the omission of two years of medical records regarding [Plaintiff's] rheumatoid arthritis from the record

6

considered by the ALJ." Pl.'s Reply Br. at 1, ECF No. 11.  She contends that the omission of these medical records prejudiced the ALJ's decision in its entirety.  It should be noted, however, that not all of these medical records are within the twelve month period preceding the month in which Plaintiff filed her applications.  Developing the medical record for the twelve months preceding the filing of an application for benefits is all the Commissioner's regulations require.  20 C.F.R. § 416.912(d).  The ALJ is not under a duty to include other records which are outside of the twelve months preceding the date of the applications for benefits.  *McCloud v. Barnhart,* 166 F. App'x 410 (11th Cir. 2006).

In *McCloud*, the Eleventh Circuit rejected a plaintiff's assertion identical to Plaintiff's assertion here, stating that the plaintiff "was in the best position to inform the ALJ as to her treatment history, and by failing to do so, she failed to meet her burden." *Id.* at 418.  Likewise, in *Smith v. Comm'r of Social Security,* 501 F. App'x 878 (11th Cir. 2012), the court found that an ALJ developed a full and fair record and hearing and was not required to seek additional information relating to a period after her application filing date.  The court held that "the ALJ was only obligated to develop a medical record for the twelve months preceding the [plaintiff]'s application for benefits." *Id.* 879-80.  A plaintiff must prove she is disabled to work and must produce the medical evidence she relies on in support of her claim.

Plaintiff filed her application for benefits on March 29, 2011.  While Plaintiff asserts that the ALJ erred by failing to obtain the medical records of one of her treating physicians, Dr. Robert Alburo, the records show that he only saw Plaintiff between

7

February 14, 2012 and October 30, 2014, dates well after the twelve months preceding her filing date.  Thus, the ALJ did not err in his consideration of Dr. Alburo's records.

The other physician who treated Plaintiff for her severe impairment of rheumatoid arthritis is Dr. Amir Agha, and his records present an issue different from those of Dr. Alburo.  Plaintiff has attached to her brief an exhibit which establishes that she saw Dr. Agha on twenty-two occasions between July 2005 and October 2015.  This time frame includes the twelve months immediately preceding the filing of her application for benefits.  In the twelve months preceding her filing date of March 29, 2011, Plaintiff saw Dr. Agha on July 23, 2010 and October 15, 2010, but the ALJ did not have these records before him.  He had only two office notes from visits on April 1, 2011 and July 1, 2011.  Therefore, the ALJ did not have a complete record of Plaintiff's treatment for rheumatoid arthritis during the twelve months preceding the filing of her application before him when he evaluated the medical evidence from Dr. Agha.   That is error under the Commissioner's regulations and applicable case law in the Eleventh Circuit.

Although the Commissioner argues that the error is invited and therefore does not support remand, a review of the transcript of the evidentiary hearing conducted by the ALJ does not support her assertion.  The ALJ identified exhibits from the electronic file and asked Plaintiff's counsel whether he had any "comments, questions or objections about having any of these documents considered[.]"  Tr. 31.  His response of "[n]o Your Honor" cannot be said to invite error.  *Id*.  The attorney was not asked whether he considered the record complete, nor did he make any affirmative statement to that effect.  His simple response to the ALJ's question does not relieve the ALJ of his duty to

investigate the facts and develop the arguments both for and against granting benefits. *See, e.g., Richardson v. Perales,* 402 U.S. 389, 399-401 (1971). This duty has been described as a "basic obligation to develop a full and fair record." *Graham v. Apfel,* 129 F.3d 1420, 1423 (11th Cir. 1997). The Commissioner's contention that any error committed by the ALJ was invited by Plaintiff's counsel at the hearing has no merit.

The Court, however, must also consider the Commissioner's claim that Plaintiff has failed to show that she has been unduly prejudiced by the omission of the records at issue. In doing so, the Court has reviewed Dr. Agha's records from their inception date of July 12, 2005. On that date, Dr. Agha described Plaintiff as "able to function quite comfortably and has no problems with her activity of daily living." Pl.'s Br. Ex. A 2-3, ECF No. 8-1. As testified to at the hearing by Plaintiff, the records show that Dr. Agha saw Plaintiff every three to six months thereafter, with the exception of the first follow-up visit which was two months after the initial clinical presentation. *Id.* at 4. All of the summaries of clinical examinations provided by Plaintiff in the exhibit attached to her brief state clearly "No change" in the interim since the preceding visit. Most also state "No new Complaint," although there are five where she is described as non-compliant, depressed or with cough at the time of the visit. *Id.* at 5, 8, 20-22. The notes, including the two in the twelve months prior to her application, show arthralgia in the section designated "Musculoskeletal." *Id.* at 17-18. The records are consistent and support the finding by the ALJ that Plaintiff has the severe impairment of rheumatoid arthritis but do not show her symptomology to be increasing over time nor to be disabling. Given that Dr. Agha consistently indicated "No change" in all visits since the initial visit where he

9

described Plaintiff as able to function comfortably and without problems in her daily activities, the Commissioner is correct that the absence of these records from the medical file has not prejudiced Plaintiff nor would their inclusion have changed the ALJ's conclusion. Plaintiff's contentions are thus without merit and the Commissioner's decision is affirmed.

## CONCLUSION

For the reasons explained above, it is hereby ordered that the decision of the Commissioner be affirmed.

So ORDERED, this the 25th day of August, 2016.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE